IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Cheryl J. Anderson, f/n/a Cheryl J. McCormick a/k/a C.J. McCormick, as beneficiary under the C.J. McCormick Trust a/k/a C.J. McCormick Trust,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Gary P. Sullivan and Nancy Sullivan,<br><br>　　　　　Defendants. | **ORDER RE MOTION TO AMEND COMPLAINT**<br><br><br><br>Case No. 4:04-cv-052 |

_____

## I.　INTRODUCTION

Before the court is plaintiff Anderson's motion to amend her complaint to add a prayer for punitive damages that was served on April 26, 2006, and filed with the court on May 1, 2006. Defendants oppose the motion on the grounds that is untimely, that there is insufficient evidence, and that the punitive damages request is duplicative of plaintiff's request for treble damages. With respect to the issue of timeliness, defendants state that the motion should have been filed on before July 29, 2005, which was the date set in the initial scheduling order for filing of motions to amend.

## II.　DISCUSSION

### A.　Timeliness of plaintiff's motion

Section 32-03.2-11 of the North Dakota Century Code mandates that a claim for punitive damages be raised by amendment rather than in the initial complaint. In Nereson v. Zurich Insurance Co., Civ. No. A3-91-72, 1992 WL 212233 (D.N.D. Aug. 20, 1992), the court determined that Section 32-03.2-11 created a substantive right. See 1992 WL 212233 at *1 (D.N.D. Aug. 20,

1992) (observing that the statute constituted a mixture of substantive and procedural law). Consequently, the court held that the procedure set forth in N.D.C.C. § 32-03.2-11 must be followed for punitive damage requests arising under state law in diversity cases and that the appropriate procedure is to make a motion to amend the pleadings to claim punitive damages. This court continued to follow the holding of Nereson in Myers v. Richland, 288 F. Supp.2d 1013, 1021 (D.N.D. 2003) in which the court applied the rule in Nereson to state law claims for which the court had supplemental jurisdiction under 28 U.S.C. § 1367.

Unfortunately, the initial scheduling order in this case did not set a specific date for consideration of a motion for punitive damages under N.D.C.C. § 32-03.2-11. Further, the deadline that was established for amending the pleadings was relatively early in the discovery process and, arguably, inconsistent with plaintiff's need to marshal the facts necessary to properly document a punitive damage request pursuant under N.D.C.C. § 32-03.2-11.

Even if one assumes the relevant deadline for making a punitive damage request under N.D.C.C. § 32-03.2-11 was the deadline set for motions to amend the pleadings, which is not without some doubt given the circumstances, the court rejects defendant's argument that there has been inexcusable neglect on the part of the plaintiff. It appears that plaintiff proceeded under a good faith assumption that all she needed to do to comply with N.D.C.C. § 32-03.2-11 was to file a motion seeking a court order to allow a punitive damage request to go forward.[1]

---

[1] This is not the first time the court has confronted the problem of a request for punitive damages pursuant to N.D.C.C. § 32-03.2-11 after an early deadline for amending the pleadings has passed. In Olson v. Ford Motor Company, Case No. A4-04-102, the court allowed an amendment, even though the date for amending the pleadings had passed, concluding that there was no inexcusable neglect on the part of the plaintiff and that the defendant would not be unduly prejudiced. Since the court's decision in Olson, the court has now been including in its standard pretrial orders a deadline for pleading requests for punitive damages that is separate from any deadline to otherwise amend the pleadings.

Defendants argue that plaintiff had enough factual information to have made the motion earlier, principally through an affidavit from plaintiff. While that may be true, plaintiff's counsel may have perceived a need to have bolstered plaintiff's claims, given the attacks being made upon her credibility. Further, it does appear that information gathered during discovery after the original deadline for amending the pleadings has been used in support of the motion.

Defendants further argue that they would be prejudiced because they had no prior notice that a punitive damage claim would be forthcoming and that the discovery and other pretrial work would have proceeded differently had they known. Further, they state that no place in the complaint do the words "oppression, fraud, or actual malice," which are the statutory grounds for an award of punitive damages under N.D.C.C. § 32-03.2-11(1).

While the precise words "oppression, fraud, or actual malice" do not appear, the complaint does plead facts that, if true, would in many cases amount to oppression, fraud, or actual malice. For example, paragraphs 10, 27, and 30 allege that Sullivan "embezzled" trust assets and converted them to his own use. Paragraph 26 alleges that Sullivan engaged in illegal, self-dealing, and breach of fiduciary conduct. Paragraph 21 alleges that Sullivan engaged in a "scheme to move wealth from the Trust through the business and into Gary P. Sullivan's possession and control," suggesting that Sullivan engaged in a scheme to defraud.

Moreover, plaintiff did plead in her amended complaint a claim for treble damages under N.D.C.C. § 27-13-08. In order to recover treble damages under this section, there must be proof of conduct that is either deceitful or willfully fraudulent. In fact, defendants correctly point out that the North Dakota Supreme Court has held in Bjorgen v. Kinsey, 466 N.W.2d 553 (N.D. 1991) that

treble damages under § 27-13-08 and punitive damages overlap and cannot be recovered for the same conduct because it would amount to an excessive penalty.

Essentially, given the nature of the claims made by plaintiff, defendants have been defending all along against allegations of misconduct, which if true, could support an award of punitive damages. Also, more specifically, Gary Sullivan has been defending against a claim for treble damages, which for the most part requires the same type of proof as a claim for punitive damages, since at least the time of the amended complaint.

Consequently, the court concludes defendants will not be unduly prejudiced by allowing the claim for punitive damages, particularly with the following constraints:

1. Plaintiff not being permitted any additional discovery with respect to the request for punitive damages.

2. Plaintiff not being permitted to introduce at trial evidence that is relevant only to the request for punitive damages.[2]

3. Defendant Gary Sullivan being permitted to engage in any additional discovery up to the date of the commencement of the trial (which at this point is still two months away) that is directly relevant only to the claim of punitive damages and also being permitted to submit any additional expert witness or other evidence that is directly relevant only to the issue of punitive damages without any requirement of prior disclosure to plaintiff. In that regard, defendant Gary Sullivan would also be permitted an additional seven interrogatories directed to the issue of punitive

---

[2] As a practical matter, the court recognizes this may not be much of a limitation given the nature of the claims of misconduct, and the evidence that may be relevant to these claims, and given the claim for treble damages.

>damages that must be responded to by plaintiff within ten calendar days of service plus an additional three days for mailing.

### B.     Satisfaction of the statutory predicates under N.D.C.C. § 32-03.2-11

To be entitled to amend the complaint to add a request for punitive damages, plaintiff must establish a *prima facie* basis for the claim by showing that there are facts from which the fact finder could conclude that there is oppression, fraud, or actual malice. Olson v. Ford Motor Co., 2005 WL 3271945, *1 (D.N.D. 2005); Lowell v. Zurich Ins. Co., 1992 WL 212233, *2 (D.N.D. 1992).  At this point, plaintiff is not required to prove entitlement to the punitive damages by clear and convincing evidence, which is the requisite burden of proof at trial.  Id.

Essentially, the limited evidence before the court paints two widely different pictures. Evidence favorable to defendant Gary Sullivan suggests that the relationship between he and plaintiff was like that of father-daughter or brother-sister, and that he was merely trying his best to protect plaintiff from the IRS, although he may not necessarily have gone about it in the best manner. Consistent with that view is some evidence suggesting: (1) that Sullivan informed plaintiff of the money that he used and that he paid back, or came close to paying back, what he believed he owed the Trust; (2) that some of the money was repaid with substantial amounts of interest; (3) that there were documents supporting most, if not all, of the diversions of funds, which may be inconsistent with an intent to coverup and deceive; (4) that plaintiff visited Sullivan and his wife for extended periods; (5) that Sullivan arranged for independent counsel to represent plaintiff in connection with the purchase of his house and made funds available to plaintiff, which were not C.J. McCormick Trust funds, so she could buy a house; (6) that Sullivan did substantial amounts of work for plaintiff and the trust without asking for any compensation, and (7) that the superficially

troubling mixing of trust and personal assets was consistent with an intent to make it difficult for the IRS to enforce its lien. On the other hand, there is evidence from which a fact finder could conclude, based on both the direct evidence and any inferences that may drawn that defendant Sullivan, even if he started out with good intentions, ultimately took advantage of a woman with who had difficulty managing her own affairs by, among other things, purposely diverting trust money for his own use and not for any legitimate trust purpose.[3] In so concluding, the court notes that direct evidence of motive is not required and the requisite motive can be inferred by the fact finder from the character of the allegedly wrongful act and the surrounding facts and circumstances. Olson v. Ford Motor Co., 2005 WL 3271945, *2.

Based on the foregoing, the court concludes that plaintiff has submitted sufficient evidence to make out a *prima facie* case against defendant Gary Sullivan for punitive damages. The court, however, reaches the contrary conclusion with respect to Nancy Sullivan. While there is evidence that Nancy Sullivan knowingly received money that was trust property, there is not sufficient evidence that she did so with the understanding that it was wrongful or that she otherwise acted with oppression, fraud, or malice.

### C. Overlap between the requests for punitive damages and treble damages

The court agrees that the imposition of both punitive damages and treble damages for the same conduct would be error based on the authority previously cited. However, this not a reason for denying the claim for punitive damages at this point because the elements for proving both are

---

[3] For example, there is evidence suggesting that Sullivan diverted more than a $100,000 of trust money to his personal business at a time when the business needed money to pay bills and he wanted cash for his own personal use, and that the transfer was not for any legitimate trust purpose. And, while he may have later attempted to repay the $100,000, there is evidence it may have been without interest or payment of gain that may have resulted from the use of the money.

not entirely the same. For example, plaintiff may be unsuccessful in proving Sullivan was acting as her attorney with respect to the challenged conduct, but otherwise successful in proving conduct that would support the imposition of penalty damages. In that situation, plaintiff may be entitled to recover punitive damages, but not treble damages.

### III.    CONCLUSION and ORDER

Based on the foregoing, the court **GRANTS IN PART** and **DENIES IN PART** plaintiff's motion to amend her complaint to include a prayer for relief for punitive damages (Doc. No. 75) and further **ORDERS** as follows:

1. Plaintiff may serve and file a second amended complaint that includes in the prayer for relief portion of the complaint a request for punitive damages but only as to defendant Gary Sullivan. No other amendments are permitted.

2. Defendant Gary Sullivan is not required to plead in response to the second amended complaint and will be deemed to have denied the request for punitive damages.

3. Plaintiff will not be permitted to engage in any additional discovery with respect to the request for punitive damages.

4. Plaintiff will not being permitted to introduce at trial evidence that is relevant <u>only</u> to the request for punitive damages. In other words, plaintiff will be limited to evidence that is relevant and admissible to the claims already made, including the claim for treble damages, and any claim for punitive damages will have to succeed or fail based upon that evidence.

5. Defendant Gary Sullivan shall be permitted to engage in any additional discovery up to the date of the commencement of the trial that is directly relevant only to the claim

of punitive damages and shall also be permitted to submit any additional expert witness or other evidence that is directly relevant only to the issue of punitive damages without any requirement of prior disclosure to plaintiff. Defendant Sullivan will be permitted an additional seven interrogatories directed to the issue of punitive damages that must be responded to by plaintiff within ten calendar days of service plus an additional three days for mailing.

Dated this 19th day of June, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge